

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-14-2004

# Reppert v. Reading Sch Dist

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2458

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Reppert v. Reading Sch Dist" (2004). *2004 Decisions.* Paper 706.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/706

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-2458
_____

EDWIN REPPERT,

*Appellant*

v.

READING AREA SCHOOL DISTRICT; READING AREA
SCHOOL DISTRICT EDUCATION BOARD; IRENE M. CARSON,
IN HER OFFICIAL CAPACITY AND INDIVIDUALLY; KENNETH
CHRISTIAN, IN HIS OFFICIAL CAPACITY AND INDIVIDUALLY;
DR. C. EVE KIMBALL, IN HER OFFICIAL CAPACITY AND
INDIVIDUALLY; EUGENE C. LAMANNA, ESQ., IN HIS OFFICE
CAPACITY AND INDIVIDUALLY; RONALD MCDOWELL, IN
HIS OFFICIAL CAPACITY AND INDIVIDUALLY

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. No. 01-CV-05696)
District Judge: Honorable Herbert J. Hutton
_____

Submitted Under Third Circuit LAR 34.1(a)
May 4, 2004
Before: SLOVITER, FUENTES and BECKER, *Circuit Judges*

(Filed: May 14, 2004)

_____

OPINION
_____

BECKER, *Circuit Judge.*

This is an appeal from an order of the District Court granting summary judgment to the defendants, Reading Area School District ("District") and various officials of the District. Because the parties are fully familiar with the background facts and procedural history we need not set them forth, and limit our discussion to our *ratio decidendi.*

Reppert seeks to proceed on both federal and state claims. The District Court dismissed his state law claim on the ground that it was preempted by the National Labor Relations Act ("NLRA"). *See Reppert v. Reading Area Sch. Dist.*, No. 01-5696, 2003 U.S. Dist. LEXIS 7769, at *13 (E.D. Pa. Apr. 16, 2003). As the Court aptly noted, Reppert's papers do not identify exactly what state causes of action he is asserting, hence the defendants "can only . . . point to the allegedly offending conduct and show that such conduct is arguably governed by the NLRA." *Id.* at *12. It appears to us, based on the papers, that Reppert's state law claims arise from his termination from employment with the District, and that the termination was based on allegedly false representations that Reppert made to the District in his capacity as union shop steward, i.e. the alteration of the statement of Mr. Moll's doctor based upon which Moll sought (and Reppert as shop steward sought on his behalf) to be placed in another position under the collective bargaining agreement between the union and the District. Under these circumstances, Reppert's termination is governed by the NLRA, and the preemption decision was correct.

2

In contrast, and contrary to the statements in Reppert's appellate brief, his § 1983 claims were not dismissed on preemption grounds. The District Court clearly stated that "Accordingly, in this case, Plaintiff's section 1983 claims are not within the sole jurisdiction of the NLRB. The Court determines, therefore, that it has jurisdiction to hear such claims." *Id.* at *9. The threshold problem here (again) was the conclusory nature of Reppert's complaint. As the District Court noted*:*

> Moreover, the gravamen of the complaint is that Plaintiff was fired for exercising his right to free speech as a member of a union. Plaintiff pleads no facts support a Fourth or Fourteenth Amendment claim. Thus the Court construes Plaintiff's claim as one alleging infringement of his First Amendment rights.

*Id.* at *16 (footnote omitted).

With respect to the First Amendment claims, the District Court reasoned that Reppert's § 1983 claims were dismissed because the conduct that resulted in his dismissal "does not relate to a matter of public concern." *Id.* at *19. Rather, the Court concluded that the termination arose in the context of "his personal business as a union official" and concerned Mr. Moll's health, "rather than any union business which might possibly be important to the community." *Id.* at *19-20. In sum, in the absence of allegations that Reppert was punished for speaking out on a matter of public concern, or that his First Amendment rights were otherwise abridged, Reppert's § 1983 claim was "dismissed for failing to raise a genuine issue of material fact regarding the deprivation of his constitutional rights." *Id.* at *20.

Because "[t]he inquiry into the protected status of speech is one of law, not fact,"

*Connick v. Myers*, 461 U.S. 138, 148 n.7 (1983), and there are no factual disputes here about what was actually said, the question is not, strictly speaking, whether Reppert raised a genuine issue of material fact, but rather whether, as a constitutional matter, his speech was on a matter of public concern. This technicality aside, the District Court's analysis was correct. To be protected, a public employee's speech must address a matter of public concern, *id.* at 146, which it does if "it can be 'fairly considered as relating to any matter of political, social, or other concern to the community.'" *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993) (quoting *Connick*, 461 U.S. at 146). Mr. Moll's interest in changing jobs and Reppert's fraudulent conduct can scarcely be considered to be of public concern.

The judgment of the District Court will be affirmed.